UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| JERAL TIDWELL<br>1028 Highland Avenue<br>Louisville, KY 40204<br><br>      Plaintiff,<br><br>v.<br><br><br>PAINFUL PLEASURES, INC.<br>7410 Coca Cola Dr., Ste. 214<br>Hanover, MD 21075-1765<br><br>SERVE: Office of the Secretary of State<br>     Summonses Division<br>     700 Capital Ave., Ste. 86<br>     Frankfort, Kentucky 40601<br><br>and<br><br>JOHN DOES Numbers 1 through 99,<br><br>      Defendant. | CIVIL ACTION NO. 3:11CV-321-JBC<br><br>**VERIFIED COMPLAINT** |

Comes now Plaintiff, Jeral Tidwell ("Tidwell"), by counsel, and for its cause of action against Defendants, Painful Pleasures, Inc. and John Does Numbers 1 through 99, states as follows:

**INTRODUCTION**

1. This is a Complaint for injunctive relief and for civil damages. The Complaint herein states a claim for Copyright Infringement pursuant to 17 U.S.C. §101 *et seq*. by and through Defendant's unlawful copying, reproduction, manufacture, importation, distribution, sale and use of Plaintiff's copyrighted design in Defendant's products which it markets and sells to the public.

## PARTIES

2. Plaintiff in this action is Jeral Tidwell, a Kentucky resident residing in the Western District of Kentucky.

3. Defendant, Painful Pleasures, Inc., is a Maryland corporation having its principal place of business at 7410 Coca Cola Dr., Ste. 214, Hanover, MD 21075-1765

4. John Does Numbers 1 through 99 are fictitious names for Defendant persons or business entities which have reproduced, manufactured, imported, copied, distributed, displayed and sold the infringing goods, merchandise and materials which are the subject of the Complaint herein for or on behalf of the Defendant named at numerical paragraph 3 above, or in concert or privity with them, including said Defendant's manufacturers, importers, distributors, exhibitors, and vendors, and for Defendant persons, including corporate officers, directors, managers, operators, representatives, and agents, or business entities having the right to supervise the infringing activities and a financial interest therein. The true identities of these Defendants are yet unknown to Plaintiff.

5. At all times relevant herein, Defendants were variously engaged in the business of manufacturing, publishing, marketing, promoting, distributing, displaying, and selling, among other things, belt buckles and other merchandise embodying and otherwise incorporating the infringing works which are the subject of this lawsuit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1338 and 17 U.S.C. §101 *et seq.* as the Complaint alleges a violation of federal Copyright Law.

7. Venue in the Western District of Kentucky is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim herein took place within the Western District of Kentucky, a fact sufficient to confer jurisdiction under Kentucky's Long-Arm Statute,

KRS 454.210. Upon information and belief, Defendants have transacted business and committed their infringing acts within Kentucky.  In this regard, Defendant Painful Pleasures, Inc. is and at all relevant times has been advertising and selling goods to individuals and entities residing and transacting business in Kentucky and indirectly over the Internet (*See* http://www.painfulpleasures.com) to residents of the Western District of Kentucky who can access said goods through that electronic medium.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

8. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 7 herein.

9. At all times relevant herein, Plaintiff was variously engaged in the business of creating, publishing, marketing, distributing and selling artistic sketches which depict various objects and scenes.

10. In or about 2000, Plaintiff created his work known as "Green Skulls," which is a decorative ink sketch illustration depicting two fanciful skulls, a copy of which is reproduced below, and incorporated herein by reference as Exhibit A (This item, and the items displayed in Exhibits B, and E below are referenced to herein collectively as "Plaintiff's Works").



A copy of Plaintiff's original hand drawing is reproduced below and a copy is incorporated herein by reference as Exhibit B.



11.     Thereafter, Plaintiff learned that Defendants have been copying, reproducing, manufacturing, importing, distributing, displaying, marketing and selling belt buckles and other merchandise which are substantially similar to the protected Work of Plaintiff referenced above, a photograph of Defendants' merchandise is reproduced below, and incorporated herein by reference as Exhibit C (This item, and the item displayed in Exhibit F below are referenced to herein collectively as the "Infringing Merchandise").



12.     Plaintiff has been and is the sole proprietor of all right, title and interest, including

copyright, in and to the "Green Skulls" Work.

13. Plaintiff received from the United States Copyright Office Certificate of Registration VA-1-660-749, for the "Green Skulls" Work, having an Effective Registration Date of December 15, 2008, a copy of which is attached hereto and incorporated herein by reference as Exhibit D.

14. In or about 2000, Plaintiff created his work known as "Flamin Card Suits," which is a decorative ink sketch illustration depicting a spade, club, heart and diamonds embellished with flames, a copy of which is reproduced below, and incorporated herein by reference as Exhibit E.



15. Thereafter, Plaintiff learned that Defendants have been copying, reproducing, manufacturing, importing, distributing, displaying, marketing and selling belt buckles which are substantially similar to the protected Work of Plaintiff referenced above, a photograph of Defendant's merchandise is reproduced below, and incorporated herein by reference as Exhibit F.



-5-

16. Plaintiff has been and is the sole proprietor of all right, title and interest, including copyright, in and to the "Flamin Card Suits" Work.

17. Plaintiff received from the United States Copyright Office Certificate of Registration VA-1-766-703, for the "Flamin Card Suits" Work, having an Effective Registration Date of March 14, 2011, a copy of which is attached hereto and incorporated herein by reference as Exhibit G.

18. Defendants individually, or by and through their agents, employees and representatives, with notice of Plaintiff's right, title and interest in and to Plaintiff's Works, and without Plaintiff's authorization, have used Plaintiff's Works to manufacture, reproduce, copy, publish, display, distribute, transmit, sell and otherwise market its Infringing Merchandise.

19. Upon information and belief, Defendants willfully and deliberately infringed said Plaintiff's copyright by copying Plaintiff's Works, and manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling or otherwise placing on the market Defendants' Infringing Merchandise and, thus, using Plaintiff's Works without authorization, all to Plaintiff's detriment.

20. Upon information and belief, Defendants have manufactured, reproduced, imported, published, displayed, distributed, transmitted, marketed, promoted and sold the Infringing Merchandise and will, unless restrained, continue to do so in the future.

21. Defendants' infringement of Plaintiff's copyright has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT II
## WILLFUL COPYRIGHT INFRINGEMENT

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21.

23. On February 2, 2009, Plaintiff, through counsel, sent a cease-and-desist letter to Defendant Painful Pleasures, Inc. ("Painful Pleasures"), copies of which letter and return receipt therefor are incorporated herein by reference and attached hereto as Exhibit H, wherein Plaintiff

alleged infringement of Plaintiff's works, including, but not limited to infringements of Plaintiff's "Green Skulls" Work.

24.     On April 16, 2009, Plaintiff, through counsel, sent a follow-up cease-and-desist letter to Defendant Painful Pleasures, copies of which letter and return receipt therefor are incorporated herein by reference and attached hereto as Exhibit I.

25.     Upon information and belief, Defendant Painful Pleasures initially removed the Infringing Merchandise which infringe Plaintiff's "Green Skulls" Work from its stores and website in response to Plaintiff's cease-and-desist letters, but later returned such Infringing Merchandise to its stores and website and added the Infringing Merchandise which infringes Plaintiff's "Flamin Card Suits" Work to its stores and website.

26.     Defendant Painful Pleasures was on notice that by manufacturing, reproducing, importing, copying, publishing, displaying, distributing, transmitting, selling and otherwise marketing Infringing Merchandise which is strikingly or substantially similar to Plaintiff's Works, Defendant Painful Pleasures' conduct constituted infringement of Plaintiff's copyrights.

27.     Defendant Painful Pleasures manufactured, reproduced, imported, copied, published, displayed, distributed, transmitted, sold and otherwise marketed Infringing Merchandise which is strikingly or substantially similar to Plaintiff's Works, and did so with knowledge that its conduct constitutes infringement of Plaintiff's copyrights, or with reckless disregard for Plaintiff's property rights, including copyright, in and to Plaintiff's Works.

28.     Defendant Painful Pleasures knew that its conduct in manufacturing, reproducing, importing, copying, publishing, displaying, distributing, transmitting, selling and otherwise marketing Infringing Merchandise could constitute infringement of Plaintiff's copyrights and had an affirmative duty to investigate prior to manufacturing, reproducing, importing, copying, publishing, displaying, distributing, transmitting, selling and otherwise marketing Infringing

Merchandise, and Painful Pleasures failed to so investigate.

29. Defendant Painful Pleasures' manufacture, reproduction, importing, copying, publication, display, distribution, transmittal, sale and other marketing of Infringing Merchandise was undertaken by Defendant Painful Pleasures without good faith and without a reasonable belief that its conduct was not an infringement of Plaintiff's Works.

30. Defendant Painful Pleasures' conduct in manufacturing, reproducing, importing, copying, publishing, displaying, distributing, transmitting, selling and otherwise marketing Infringing Merchandise constitutes willful infringement of Plaintiff's Works.

31. Defendant Painful Pleasures has manufactured, reproduced, copied, imported, published, displayed, distributed, transmitted, sold and otherwise marketed Infringing Merchandise and, upon information and belief, will continue to do so in the future.

32. Defendant Painful Pleasures' willful infringement of Plaintiff's copyrights has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A temporary restraining order and permanent injunction restraining Defendants, their agents, servants, employees, successors, assigns and all others in concert or privity with them from infringing Plaintiff's Works, and from manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling or otherwise placing on the market Defendants' Infringing Merchandise and, thus, using Plaintiff's copyrighted Works without authorization;

2. That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' infringement;

3. That Defendants be ordered to surrender to Plaintiff all property, tangible and intangible including, but not limited to all goods, merchandise and materials which infringe upon Plaintiff's copyrighted Works and all tooling, templates, patterns or other means and media used by

Defendants to copy, manufacture, reproduce, publish, display, distribute, transmit, market, promote, license and sell Defendants' Infringing Merchandise;

4. That Plaintiff be awarded actual damages and profits or statutory damages against Defendants, in an amount to be determined, subject to Plaintiff's election with respect thereto;

5. That Defendants be compelled to pay Plaintiff's attorney fees and costs in connection with this action;

6. For leave to amend this Verified Complaint, including by adding parties and claims and by amending this prayer for damages, and otherwise, as the facts and circumstances may warrant from time to time;

7. For trial by jury of all issues so triable; and

8. For all other and further relief to which Plaintiff may otherwise be entitled.

Respectfully submitted,

  /s/ Kyle Anne Citrynell
KYLE ANNE CITRYNELL
C. SHAWN FOX
SEILLER WATERMAN, LLC
Meidinger Tower — 22nd Floor
462 S. 4th St.
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: citrynell@derbycitylaw.com
Counsel for Plaintiff

G:\doc\KAC\Tidwell, Jeral\PainfulPleasures\Pldgs\VerifiedComplaint.wPhotos.PDF version.wpd